Perry et al., Exrs., Appellees, *v.* Perry et al., Appellants.

[Cite as Perry v. Perry, 3 Ohio App. 2d 175.]

(No. 416—Decided August 9, 1965.)

*Mr. F. M. Marriott,* for appellees.
*Mr. Fred M. Campbell,* for appellants.

Rutherford, P. J.  Jessie I. Van Sickle died July 27, 1961, at St. Petersburg, Florida, where she was a resident.  In July

of 1958, in Florida, with the assistance of a Florida attorney, Richard A. Eagle, of St. Petersburg, Florida, she prepared and executed her last will and testament. On August 30, 1961, her will was probated in Pinellas County, Florida, and an authenticated copy thereof was filed with the Probate Court of Delaware County, Ohio, on September 9, 1961.

Francis Perry and Ralph Perry, both residents of Ohio, who were nominated and appointed in the will to be coexecutors, have been duly appointed coexecutors of such will by the County Judge of Pinellas County, Florida. Also, they have been issued letters of ancillary administration by the Probate Court of Delaware County, Ohio, wherein a portion of decedent's estate is located.

Thereafter, the coexecutors filed a petition in the Probate Court of Delaware County, Ohio, for construction of the will and direction to the executors as to payment of the Ohio inheritance taxes.

Upon application by the plaintiffs for a determination of the amount of inheritance tax due to the state of Ohio resulting from succession of property located in Delaware County, Ohio, to persons who have been named defendants in the action for construction of the will, the Probate Court of Delaware County, Ohio, made determination of inheritance tax due to the state of Ohio in the sum of $3,606.21 in the following amounts upon successions to the following defendants: Francis Perry, $422.64; Ralph Perry, $422.64; Hazel Thompson, $298.36; Ruth P. Williamson, $451.75; Vincent Williamson, $650.82; Erma Loch Green, $560; William Sheets, $400; and Glenn A. Sheets, $400.

In the petition for construction the executors state that, "two of the principal questions of construction arising out of the terms of said will are as follows:

"1. Should the foregoing inheritance tax on the property of said estate located in the state of Ohio be paid by the plaintiffs out of the general assets of said estate, or are the amounts of inheritance tax found due by the court claims against the individual and respective defendants herein; and if the latter alternative, is it the duty of plaintiffs to collect said inheritance tax from the individual and respective defendants or may plaintiffs omit collecting said tax as executors and allow the same to accumulate with penalty and interest as a lien against the

respective tracts of real estate devised to said respective defendants?

"2. Owing to the unprecedented difficulties encountered by plaintiffs in liquidating the assets of said estate located in the state of Florida and the uncertainty as to whether the inheritance tax imposed by the state of Ohio was payable out of the general estate or was due from the individual and respective defendants, may any penalty and accrued interest on said tax be waived; and if so, these plaintiffs move the court in its determination of this cause to find what portion of said penalty and interest may be legally waived?"

ITEM I designated place of burial and that date of death be placed on monument.

ITEM II provided that just debts be paid without unnecessary delay.

ITEMS III, IV, V, VI and VII devised Delaware County real estate to the respective devisees from whom Ohio inheritance taxes were found to be due.

ITEM VIII was a devise of Florida real estate to a Florida resident.

ITEMS IX, X and XI consist of bequests of cash in amounts as designated to 33 named legatees.

ITEM XII is a bequest to Richard Perry and Francis Perry, who were also devisees of Delaware County real estate under Item III, of any stock in Delaware Farmers Exchange of Delaware County, Ohio, and of any balance due on a certain land contract on property in Delaware County, Ohio.

ITEM XIII then provides:

"All of my property of which I may die seized and possessed other than that specified in ITEMS III, IV, V, VI, VII, VIII and XII shall be converted into cash by my executors hereinafter named and appointed. After the payment of all my just debts, cost of administration of my estate, including burial charges and any and all federal, state or other taxes of any kind or nature, I direct that all the rest, residue and remainder of my estate be divided among the children of Early Perry, my deceased brother, share and share alike * * *."

ITEM XIV then provided that, as between bequests of real estate, personal property and cash, the bequests of real estate and personal property shall have priority over legacies of cash

except as to the bequest of $5,000 cash to Lelah Perry Hoke, ITEM IX, Section 1, which shall have equal standing in parity with devises of real estate and legacies of personal property.

The Probate Court of Delaware County, Ohio, entered judgment assessing inheritance taxes against the defendants in the amounts hereinbefore set forth, and adjudging that it is the duty of the executors herein to collect such respective amounts of inheritance tax from the devisee who receives such property and that in the absence of such collection by the executors such amounts will become a lien against the respective properties upon which the tax is due. Due to delay caused by litigation, the Probate Court then ordered that no interest be charged or penalty imposed on such taxes providing they be paid within 30 days from the date of judgment. From this judgment this appeal has been taken on questions of law by the defendants, Ruth P. Williamson and Vincent Williamson, who are devisees of remainder interests subject to life estates under ITEMS IV and VII of such last will and testament and against whose interests a succession tax has been assesed, which is unpaid. The assigned error is that the judgment is against the manifest weight of the evidence and is contrary to law.

The Ohio inheritance tax laws levy a tax upon successions to real and personal property passing in trust or otherwise in Ohio. Section 5731.02 of the Revised Code of Ohio provides as follows:

"A tax is hereby levied upon the succession to any property passing, in trust or otherwise, to or for the use of a person, institution, or corporation, in the following cases;

"* * *

"(B) When the succession is by will or by the intestate laws of this state or another state or country to property within this state, from a person who was not a resident of this state at the time of his death;"

Section 5731.17 of the Revised Code of Ohio provides:

"* * * Such taxes shall be, until paid, a lien upon the property passing, and the successor and the executors or administrators of the general estate of the decedent, and the trustees of such property shall be personally liable for all such taxes, with interest as provided by Section 5731.19 of the Revised Code, until they have been paid. Such an administrator, executor, or

trustee, having in charge or in trust for distribution any property the succession to which is subject to such taxes, shall deduct the taxes therefrom, or collect the same from the person entitled thereto. He shall not deliver, or be compelled to deliver, any specific legacy or property, the succession to which is subject to said taxes, to any person, until he has collected the taxes thereon. He may sell so much of the estate of the decedent as will enable him to pay said taxes the same as he may do for the payment of the debts of the decedent.''

Under Ohio law, by will, a testator may provide for payment of inheritance taxes from a source other than that provided by statute if the intent is clear and the necessary funds are thus provided.

In this case, because the testatrix was a Florida resident who executed her will in Florida, the law of that state also becomes pertinent.

Section 734.05 of the Florida Statutes provides, in part, as follows:

''(1) If a testator makes provision by his will or designates the funds or property to be used for the payment of debts, estate and inheritance taxes, family allowance, charges and expenses of administration and legacies, the same shall be paid out of the funds, or from the property or proceeds thereof, as provided or designated by the will so far as sufficient. * * *''

As to an intestate estate, Section 734.041 of the Florida Statutes provides:

''(1) All estate, inheritance, succession and death taxes imposed upon the estate of a decedent and required to be paid by the personal representative, shall be paid from the residuary estate of the testator, without requiring contribution from any person receiving property taxable as a part of the estate of the testator. * * *''

In the event of failure to provide for payment in the will or if there is no residuary estate, the further sequence of payment is provided; but we need not go further here, for if the testatrix has not otherwise provided for payment by the terms of her will the taxes on Ohio property become collectible in the manner provided for by the Ohio statutes.

When the sole question is the ascertainment of the testator's intention from the language used in the will, and not the legal

effect, in the absence of language or circumstances indicating that the testator had in mind the meaning and scope attributed to the language used in the will by the law of a state other than that of his domicil, there is a presumption that he had in mind, not the law of the situs of the property, but the law of his domicil, and must have used such language in the sense which that law ascribes to it, since that is the law with which he may be presumed to be most familiar. See 16 American Jurisprudence 2d 106, Conflict of Laws, Section 68. It is our finding that the Probate Court of Delaware County, Ohio, committed error prejudicial to the appellants in not giving consideration to such a presumption which arose in this case.

After considering the presumption which arises from the law of the state of Florida, where the testatrix was a resident and her will was executed, the facts that by Item XIII she created a separate residuary fund to pay "any and all federal, state or other taxes *of any kind or nature*" (Emphasis added.), and that the remainder of the residual estate is then bequeathed to the children of her deceased brother, Early Perry, whom the estate papers show to be Francis Perry, Ralph Perry, Ruth Perry Williamson and Lelah Perry Hoke, who had already been given substantial specific bequests in prior items of the will, and having considered the will in its entirety, it is our finding that the intent of the testatrix is clear that the Ohio inheritance taxes on Ohio property be paid from the fund created under Item XIII, so far as that fund is sufficient after payment of debts, costs of administration, including burial, and prior devises and bequests as set forth in Items III, IV, V, VI, VII, VIII, IX, X, XI and XII.

It is therefore our judgment that in so far as the judgment of the Probate Court found it not to be the intent of the testatrix that the Ohio inheritance taxes assessed on successions to Ohio property be paid from the residuary fund of Item XIII, that judgment was not only against the manifest weight of the evidence but also contrary to law, and it is reversed.

Judgment shall be entered providing that if there will be sufficient funds remaining under Item XIII, after Items III through XII, inclusive, have been complied with and debts, costs of administration and burial expenses have been paid, to pay all federal, state or other taxes of any kind or nature,

then the executors shall make a payment of the Ohio inheritance tax on successions to Ohio property from such fund; however, if, after compliance with Items III through XII, inclusive, and payment of debts, costs of administration and burial expenses, an insufficient amount will remain in the fund created under Item XIII from which to make payment of all taxes including the Ohio inheritance taxes on successions to Ohio property, then, to the extent that the funds provided under Item XIII are insufficient, the executors shall assume the obligations imposed by the Ohio statutes of collecting such taxes for which they are personally liable until paid; further, such taxes, until paid, regardless of the source from which payment is to be made, remain a lien on the property passing.

Due to the delay which has been caused by litigation, there shall be no interest charged or penalty imposed, providing that payment be made within 30 days after filing of journal entry of judgment in this court.

Why Vincent Williamson and Ruth Williamson, husband and wife, appealed, we are unable to determine. Of a total of $3,606.21 in Ohio inheritance taxes, only $402.57 was assessed on property passing to them. Thus, under the judgment of the Probate Court appealed from they are assessed only one-ninth of the total Ohio tax; whereas, if the tax is paid under Item XIII, Ruth Williamson, as one of the four children of Early Perry who are residuary legatees, will stand to have one-fourth of the total tax deducted from what would otherwise be her share of the residue. It is our finding that this appeal is not separable, and the adjudication determining tax obligations shall have application to each succession to property within Ohio.

*Judgment accordingly.*

McLaughlin and Van Nostram, JJ., concur.